UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BYRON ACQUISITION, LLC,

       Plaintiff,                                  Hon. Janet T. Neff

v.                                                  Case No. 1:11 CV 696

PAUL JAY VAN PORTFLIET, et al.,

       Defendants.

_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff's Motion to Remand. (Dkt. #5). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be **granted** and this matter **remanded to state court**. The undersigned further recommends that Defendants be ordered to pay to Plaintiff attorney fees as detailed herein.

**BACKGROUND**

On or about March 9, 2010, Plaintiff initiated an action in Kent County Circuit Court to obtain enforcement of a note and mortgage. On May 21, 2010, the Honorable Christopher Yates entered against Defendants a Default Judgment and Order of Foreclosure. On June 15, 2010, the Kent County Circuit Court entered an injunction against Defendants barring them from a carrying out a variety of threatened actions, including the enforcement of an illusory judgment for Defendants and the corresponding recording of liens against the Plaintiff. On June 28, 2010, Defendants removed the state-court foreclosure action to this Court for the first time,

citing 28 U.S.C. § 1334 as their basis for removal. This Court rejected that request as without merit, remanding the case and awarding Plaintiff its attorneys' fees. *See Byron Acquisition, LLC v. VanPortfliet*, No. 10-cv-608, Dkt. #1, Exhibits 11-12 (W.D.Mich.).

On March 9, 2011, Defendants filed *pro se* for Chapter 7 bankruptcy. Case No. 1:11-bkt-2425 (Bktcy. W.D.Mich.). While shielded by an automatic stay issued by the bankruptcy court, the Defendants attempted to record liens against the Plaintiff, its affiliates, and its attorneys on May 12, 2011, violating the previously issued injunction. Plaintiff sought relief from the bankruptcy court, which on June 22, 2011 modified its stay to allow Plaintiff to enforce the state court injunction against the Defendants. (Dkt. #6, Exhibit 3). On June 27, 2011, Plaintiff moved in Kent County Circuit Court for an <u>Order to Show Cause Why the VanPortfliets Should Not Be Held in Civil Contempt of Court</u> for violation of the state court injunction, which was to be heard on July 8, 2011. (Dkt. #6, Exhibit 4). Defendants then removed the *same* state-law foreclosure action to this court a *second* time on July 7, 2011, one day before that hearing was to occur. (Dkt. #1). It bears repeating that Defendants' second removal attempt stems from the *same* state-law foreclosure complaint, which is not substantially founded on any federal right and which had already proceeded to a default judgment against the Defendants. Plaintiff now moves once more to remand the matter to state court and for corresponding attorney fees. Defendants have responded to Plaintiff's motion by setting forth various bases for removal, each of which is addressed in turn.

## ANALYSIS

Defendants set forth the bases for removal to this Court. (Dkt. #1). Among these is 28 U.S.C. § 1333, a statute referenced frequently by Defendants, who seek "a remedy in Admiralty as is provided by 'The Saving to the Suitors Clause'. . . ." Section 1333 provides the following, in full:

> The district courts shall have original jurisdiction, exclusive of the courts of the States, of:
>
> (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled.
>
> (2) Any prize brought into the United States and all proceedings
>
> for the condemnation of property taken as prize.

It is not clear to this Court how this case has any connection to admiralty jurisdiction, which then-Circuit Justice Joseph Story in the seminal case on that subject construed as embracing "all maritime contracts, torts and injuries; or, in other words, to embrace all those causes which originally and inherently belonged to the admiralty . . . ." *De Lovio v. Boit*, 7 F. Cas. 418 (C.C.D. Mass. 1815). More recently, the Supreme Court observed that "under the traditional rule of admiralty jurisdiction, if the wrong occurred on navigable waters, the action is within admiralty jurisdiction." *Foremost Ins. Co. v. Richardson*, 457 U.S. 668, 672 (1982) (internal citations and quotation marks omitted). As this action concerns the foreclosure of a piece of land, this Court discerns no basis for exercising admiralty jurisdiction.

Defendants also reference 28 U.S.C. § 1331, the statute providing for what is commonly known as federal question or 'arising under' jurisdiction. This statute provides that

"[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." This basis for removal must fail because, as with Defendants' first removal attempt in the *same* state-law foreclosure action, the Plaintiff's state-law foreclosure complaint neither articulates nor relies on any federal rights. That fact has not changed since the Defendants' first removal attempt. As both removal attempts pertain to the *same* state-law complaint, the result too must be the same. Federal question jurisdiction under 28 U.S.C. § 1331 is thus not proper.

Defendants also cite 28 U.S.C. § 1332, the statute that provides for diversity jurisdiction in the federal courts where complete diversity between the parties exists and the claim is for a sum greater than $75,000, exclusive of interest and costs. The burden is on the Defendants to establish both that complete diversity between the parties exists and that the claim is for a sum greater than $75,000. *Pennsylvania v. Williams*, 294 U.S. 176 (1935); *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549-50 (6th Cir. 2006) ("The party seeking removal bears the burden of demonstrating that the district court has original jurisdiction."). Although they request relief exceeding the statutory amount, Defendants fail to demonstrate in their pleadings that complete diversity exists. In fact, Defendants' pleadings demonstrate that diversity does not exist. As Defendants have failed to satisfy their burden, this Court has no jurisdiction over this case.

Next, the Defendants list 28 U.S.C. § 1343, a statute which grants original jurisdiction to the district courts for actions involving civil rights and the elective franchise. This statute complements actions brought under 42 U.S.C. § 1983 for the deprivation of any federal

rights under the color of law by specifically authorizing federal courts to exercise jurisdiction over claims brought under that statute.  *Damico v. California*, 389 U.S. 416, 417 (1967); *McNeese v. Board of Education*, 373 U.S. 668, 671 (1963).  Section 1343 also provides federal jurisdiction for claims arising from the civil rights conspiracies proscribed in section 1985 of Title 42.  Although Defendants assert that it "has reason to believe" that Plaintiff and its affiliates "have conspired against" them, (Dkt. #7), such bare assertions, without more, cannot give rise to federal jurisdiction under 42 U.S.C. § 1985, which plainly envisions providing a federal forum for conspiracies *that deprive individuals of equal protection of the law*.  Specifically, the statute provides a remedy for conspiracies that (1) prevent officers of the United States from discharging the constitutional duties, (2) obstruct justice or otherwise intimidate parties, witnesses, or jurors, and (3) interfere with individuals' civil rights.  42 U.S.C. §§ 1985(1)-(3).  Although in their reply to Plaintiff's motion to remand Defendants cite 42 U.S.C. § 1985(3) in its entirety, they fail to allege how the Plaintiff has conspired to deprive them of equal protection or of any other rights, state or federal.  Alleging simply that the Plaintiff conspired against the Defendants, without more, is thus insufficient to provide federal jurisdiction under 28 U.S.C. § 1343 and 42 U.S.C. § 1985.

Another statute relied upon by the Defendants is 28 U.S.C. § 1443(1), the same statute under which Defendants previously sought removal.  This particular statute provides as follows:

> Any of the following civil actions or criminal prosecutions, commenced    in a State court may be removed by the defendant to the district court of    the United States for the district and division embracing the place wherein it is pending:

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

The purpose of this provision is to "allow[] removal to address the violation of a right to racial equality that is unenforceable in state court." *Kansas v. Morrison*, 242 Fed. Appx. 590, 592 (10th Cir., Aug. 2, 2007) (quoting *Hunt v. Lamb*, 427 F.3d 725, 727 (10th Cir. 2005)). The United States Supreme Court long ago articulated a two-part test applicable to removal petitions filed under 28 U.S.C. § 1443. As the Court, in *Johnson v. Mississippi*, 421 U.S. 213 (1975), held:

> First, it must appear that the right allegedly denied the removal petitioner arises under a federal law "providing for specific civil rights stated in terms of racial equality." Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice. That a removal petitioner will be denied due process of law because the criminal law under which he is being prosecuted is allegedly vague or that the prosecution is assertedly a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of § 1443(1).
>
> Second, it must appear, in accordance with the provisions of § 1443(1), that the removal petitioner is "denied or cannot enforce" the specified federal rights "in the courts of (the) State." This provision normally requires that the "denial be manifest in a formal expression of state law," such as a state legislative or constitutional provision, rather than a denial first made manifest in the trial of the case.

*Id.* at 219 (internal citations omitted); *see also, Conrad v. Robinson*, 871 F.2d 612, 614-15 (6th Cir. 1989); *Westfield Club v. Dominique*, 2007 WL 2904051 at *3 (W.D. Mich., Oct. 1, 2007); *Chandler v. Hansen*, 2010 WL 2790530 at *3 (D. Ariz., July 14, 2010); *Morrison*, 242 Fed. Appx. at 592.

Defendants satisfy neither of these requirements. Moreover, to the extent that Defendants are attempting to challenge in this Court the result of the state court foreclosure proceeding, the Court lacks jurisdiction over such. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Defendants bear the burden to establish that removal is appropriate and "all doubts [are] resolved in favor of remand." *Eastman v. Marine Mechanical Corp.*, 438 F.3d 544, 549-50 (6th Cir. 2006). Defendants have failed to meet their burden.

Defendants finally cite to 28 U.S.C. § 1446, the statute discussing the procedure for removal. Plaintiff correctly argues that Defendants, as in their first attempt at removal, fail to satisfy these procedural requirements. Section 1446(b) plainly requires that removal petitions must be filed within thirty days after the receipt by the defendant of the initial pleading, but Defendants are now attempting removal sixteen months after the state court action was originally filed. This provision also provides for removal where the initial pleadings were not removable and allows notice of removal to be filed within thirty days of receipt by the defendant of a copy

of an amended pleading or motion from which the case becomes removable. Here, however, Defendants received no such pleading, nor has the underlying claim otherwise become removable. Accordingly, Defendants' reliance upon 28 U.S.C. § 1446 does not advance their cause.

Finally, Plaintiff requests that sanctions be imposed on Defendants. Federal law provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Sixth Circuit has indicated that such fees and costs should be denied "when an objectively reasonable basis exists" for the removal. *Warthman v. Genoa Township Board of Trustees*, 549 F.3d 1055, 1060 (6th Cir. 2008). The *Warthman* court further stated, however, that

> On the other hand, in cases where the removal was not objectively reasonable or, in the words of this court, where the removal attempt was not fairly supportable, the district court may exercise its discretion to award fees or not, keeping in mind the underlying purposes of § 1447(c) awards and the general presumption that fees should be awarded under such circumstances.

*Id.* at 1060-61.

The Court again finds that there exists no "objectively reasonable" or "fairly supportable" basis for Defendants to have removed this case to this Court. Defendants did not attempt removal the first time until after final judgment had been entered against them in the state court and the alleged basis for removal was without merit. Moreover, Defendants did not attempt the present removal until the day before the hearing on the motion by Plaintiff in the state court for an Order to Show Cause Why the VanPortfliets Should Not Be Held in Civil Contempt of Court. (Dkt. #6, Exhibit 4). Defendants' response to Plaintiff's motion to remand

does nothing to overcome the presumption that fees and costs should be awarded in this matter, particularly given the redundant quality of Defendants' removal attempt. Plaintiff asserts that in direct response to the removal of this matter, it incurred attorney fees in the amount of one thousand seven hundred sixty dollars ($1,760.00). (Dkt. #6, Exhibit 5). The Court finds such costs to be reasonable and appropriate. Accordingly, the Court recommends that Defendants be ordered to pay such amount to Plaintiff.

Plaintiff also argues that "stiff" sanctions be awarded against the Defendants for abusing the federal courts. (Dkt. #6). Although this Court is by no means unsympathetic to such concerns, Defendants were correct to cite *Haines v. Kerner*, 404 U.S. 519 (1972), for the proposition that pleadings by pro se litigants should be "held to less stringent standards than formal pleadings drafted by lawyers." Although this Court affords Defendants that latitude now in not ordering the sanctions called for by Plaintiff, Defendants are hereby placed on notice that similar abuses of this Court's time and resources in the future will result in the imposition of appropriate sanctions.

In addition, the Defendants attempted to raise both a counterclaim and what they style as a third-party complaint against the Plaintiff. Both aim to attack the default judgment and order of foreclosure entered against the Defendants on May 21, 2010 by the Kent County Circuit Court. As noted already, federal courts lack jurisdiction to hear challenges to the result of state court proceedings. *See Rooker*, 263 U.S. 413; *Feldman*, 460 U.S. 462.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that <u>Plaintiff's Motion to Remand</u>, (Dkt. #5), be **granted** and this matter **remanded to the Kent County Circuit Court**. The undersigned further recommends that Defendants be ordered to pay one thousand seven hundred sixty dollars ($1,760.00) in attorney fees to Plaintiff no later than a date to be established by the Honorable Janet T. Neff.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: November 15, 2011       /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge