UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BYRON ACQUISITION, LLC,

    Plaintiff,

v

PAUL JAY VANPORTFLIET, et al.,

    Defendants.[1]
_____/

Case No. 1:11-cv-696

HON. JANET T. NEFF

**OPINION AND ORDER**

This is a state-law foreclosure action removed by Defendants to this Court under 28 U.S.C. § 1441. Plaintiff filed a motion to remand, arguing that this Court lacks jurisdiction to hear the case. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R), recommending that this Court grant Plaintiff's motion. The matter is presently before the Court on the objections of Defendant Paul Jay VanPortfliet ("Defendant")[2] to the Report and Recommendation. Also before the Court are Defendant's Motion for Writ of Mandamus and Motion to Correct Jurisdiction. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections, denies Defendant's motions, and issues this Opinion and Order.

---

[1] Defendant Paul Jay VanPortfliet has asserted a counterclaim and third-party claims against various counter-defendants and third-party defendants.

[2] While there are other named Defendants in this case, Mr. VanPortfliet is the only one who has responded.

## I. Objections to the Magistrate Judge's Report and Recommendation

Defendant argues that the Magistrate Judge erred in finding that: (1) there is no basis in Admiralty for Defendant's claim (Def. Obj., Dkt 13 at 3; R & R, Dkt 12 at 3); (2) no federal question jurisdiction exists under 28 U.S.C. § 1331 (Def. Obj., Dkt 13 at 3; R & R, Dkt 12 at 3-4); (3) no diversity jurisdiction exists under 28 U.S.C. § 1332 (Def. Obj., Dkt 13 at 3; R & R, Dkt 12 at 4); and (4) no civil rights violation has been established under 28 U.S.C. § 1343 (Def. Obj., Dkt 13 at 3-4; R & R, Dkt 12 at 4-5). Defendant also objects to the Magistrate Judge's statement that there is no federal jurisdiction to attack the default judgment against him entered in state court (Def. Obj., Dkt 13 at 4, R & R, Dkt 12 at 9). Finally, Defendant objects to the alleged failure of the Magistrate Judge to respond to his demand of proof from Plaintiff (Def. Obj., Dkt 13 at 2).

### A. Admiralty Jurisdiction

Defendant first objects to the Magistrate Judge's finding that there exists no basis for his claims under Admiralty jurisdiction (Def. Obj., Dkt 13 at 3). Defendant cites to the Admiralty Extension Act, 46 U.S.C. § 30101 (formerly 46 App. U.S.C. § 740), arguing that the phrase "even though the injury is done or consummated on land" extends admiralty jurisdiction to this case (Def. Obj., Dkt 13 at 3). 46 U.S.C. § 30101 (2006). Parties may not "raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). Issues not raised in the petition to the Magistrate Judge are deemed waived. *Id.*; *United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998). Nowhere in his notice of removal does Defendant mention the Admiralty Extension Act as a basis of jurisdiction. Because Defendant did not raise this issue before the Magistrate Judge, it is deemed waived. Even if it were not waived, § 30101 still requires that the injury be "caused by a vessel on navigable waters." 46 U.S.C. § 30101

(2006). Because the controversy in this case is the foreclosure of a mortgage, § 30101 does not serve to extend Admiralty jurisdiction. Defendant's objection is without merit, and is denied.

### B. Federal Question Jurisdiction

Defendant next objects to the Magistrate Judge's finding that no basis for his claims exists under federal question jurisdiction (Def. Obj., Dkt 13 at 3). Defendant cites 28 U.S.C. §§ 1330(a) and 1602-1611, arguing that his purported status as a foreign state grants this Court original jurisdiction (*id.*). Issues not raised before the Magistrate Judge are deemed waived. *Murr*, 200 F.3d at 902 n. 1; *Waters*, 158 F.3d at 936. Nowhere in his notice of removal does Defendant rely on his purported foreign status as a basis for federal question jurisdiction. Because Defendant did not raise this issue before the Magistrate Judge, it is deemed waived. Even if it were not waived, Defendant is not a foreign state under 28 U.S.C. § 1603, notwithstanding his "Act of State" (Ex. C, Dkt 13-3). Defendant's objection, therefore, is without merit, and is denied.

### C. Diversity Jurisdiction

Defendant also objects to the Magistrate Judge's finding that he has failed to establish diversity jurisdiction (Def. Obj., Dkt 13 at 3). In response, Defendant quotes at length 46 App U.S.C. § 782 (current version at 46 U.S.C. § 31103) without comment or explanation. Issues not raised before the Magistrate Judge are deemed waived. *Murr*, 200 F.3d at 902 n. 1; *Waters*, 158 F.3d at 936. Nowhere in his notice of removal does Defendant make mention of this statute as a basis for diversity jurisdiction, and thus any argument stemming from it is deemed waived. Further, Defendant has presented no argument pursuant to this statute for this Court to evaluate. Defendant's objection is without merit and is denied.

### D. Federal Question – Civil Rights

Defendant next objects to the Magistrate Judge's finding that there is no "'objectively reasonable' or 'fairly supportable' basis for Defendants to have removed this case to federal Court" under 28 U.S.C. § 1343 and 42 U.S.C. § 1985 (Def. Obj., Dkt 13 at 4). Defendant includes a lengthy quote from 46 App U.S.C. § 745 (current version at 46 U.S.C. §§ 30904-30905) without presenting an argument based upon it. Issues not raised before the Magistrate Judge are deemed waived. *Murr*, 200 F.3d at 902 n. 1; *Waters*, 158 F.3d at 936. Nowhere in his notice of removal does Defendant make mention of this statute as a basis for jurisdiction, and thus any argument stemming from it is deemed waived. Further, Defendant has presented no argument pursuant to this statute for this Court to evaluate. Defendant's objection is without merit and is denied.

### E. Collateral Attack of State Court Judgment

Defendant also objects to the Magistrate Judge's statement that there is no federal jurisdiction to attack the default judgment against him entered in state court (Def. Obj., Dkt 13 at 4). Defendant includes a bare reference to 28 U.S.C. § 1607 and FED. R. CIV. P. 13. Defendant has presented no argument for this Court to evaluate. Even if Defendant had included an argument based on his citations, the Magistrate Judge correctly applied the *Rooker/Feldman* doctrine to determine that this Court lacks jurisdiction to hear a challenge to a state court judgment (R & R, Dkt 12 at 7). Defendant's objection is without merit and is denied.

### F. Demand of Proof from Plaintiff

Finally, Defendant objects to the Magistrate Judge's failure to consider his "Affidavit of Specific Negative Averment, Opportunity to Cure, and Counterclaim" (Ex. B, Dkt 13-2) in which Defendant demands that Plaintiff produce the original note and mortgage at issue in this case (Def.

Obj., Dkt 13 at 2).  This affidavit was submitted for the first time as an attachment to Defendant's objection.  What amounts to a motion to compel discovery is, for the reasons stated in this Opinion, outside the jurisdiction of this Court.  Defendant's argument is without merit, and his objection is denied.

## II.  Motion for Writ of Mandamus

Defendant has filed a Motion for a Writ of Mandamus (Dkt 10), requesting that Third-Party Defendants (Plaintiff, et al.) in this action be ordered to "cease and desist from any further action against [Defendant]" (Def.'s Mot., Dkt 10 at 5).  Federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions."  28 U.S.C. § 1651 (2006).  Because this Court lacks jurisdiction to hear this case, it also lacks jurisdiction to issue any writ pursuant to this case.  Defendant's motion is therefore denied.

## III.  Motion to Correct Jurisdiction

Defendant has also filed a Motion to Correct Jurisdiction (Dkt 14).  Defendant argues that this case is before the "district court of the United States, Western District of Michigan, Southern Division" and not the "United States District Court, for the Western District of Michigan" (Def's Mot., Dkt 14 at 3).  Defendant appears to argue that this supposed misidentification of the Court voids its decisions.  28 U.S.C. § 132(a) provides that the court of each judicial district shall be known as "the United States District Court for the district."  Defendant's argument that the Court is misnamed is without merit.  Defendant's motion is therefore denied.

## IV.  Conclusion

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court.  An order to remand will be entered consistent with this Opinion and Order.

Therefore:

**IT IS HEREBY ORDERED** that the Objections (Dkt 13) are DENIED, and the Report and Recommendation (Dkt 12) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Motion to Remand (Dkt 5) is GRANTED, and this matter is REMANDED to the Kent County Circuit Court.

**IT IS FURTHER ORDERED** that Defendants pay one thousand, seven hundred, sixty dollars ($1,760) in attorney fees to Plaintiff no later than sixty (60) days from entry of judgment.[3]

**IT IS FURTHER ORDERED** that the Motion for a Writ of Mandamus (Dkt 10) is DENIED.

**IT IS FURTHER ORDERED** that the Motion to Correct Jurisdiction (Dkt 14) is DENIED.

A Judgment for attorney fees will be entered consistent with this Opinion and Order. *See* FED. R. CIV. P. 58.


Dated: February 1, 2012                    /s/ Janet T. Neff
                                           JANET T. NEFF
                                           United States District Judge

---

[3] R & R, Dkt 12 at 8-9.